The Honorable Lindbergh Thomas State Representative Post Office Box 505 Grady, Arkansas 71644-0505
Dear Representative Thomas:
I am writing in response to your request for an opinion on two questions concerning a Jefferson County nepotism ordinance. Specifically, you have enclosed a copy of Jefferson County Ordinance No. 2003-052 and note that it establishes an "Anti-Nepotism Policy" for the County. You pose two questions with regard to this ordinance, including "whether the elected officials of Jefferson County, Arkansas have the right to hire immediate family members on a temporary basis and advise the citizens that because the immediate family member was once employed in said position, before the ordinance was passed, the elected official of Jefferson County has every right to follow this practice" and "whether the elected officials of Jefferson County have the right to withhold said job positions that are open from other Jefferson County citizens that they could possibly be interested in by following the above hire practice. . . ." You state that Ordinance 2003-52 was established to prevent this very type of hire practice.
RESPONSE
I regret that I am unable to provide an opinion in answer to your questions. It has long been the policy of the Attorney General's office to decline to construe the provisions of local ordinances. See Ops. Att'y. Gen. No. 2003-260; 2003-063; 2002-306; 2002-290; 2001-374; 2001-283; 2001-258; 99-287; 99-146; 99-088; 99-068; 97-080; and 97-038. As I stated in Op. Att'y. Gen. 2003-063 with regard to a city ordinance:
 [T]he interpretation of local ordinances is a matter outside the domain of the Attorney General. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the legality of the specific ordinance that is the subject of your questions therefore must ultimately be handled locally, through the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court.
Op. Att'y Gen. No. 2003-063, quoting Op. Att'y. Gen. 2002-306 at 3.
In addition, my predecessor set out essentially this same policy in Op. Att'y Gen. No. 2002-290, with regard to a county ordinance:
 Moreover, I must point out that the Attorney General is not in a position to undertake the construal of local ordinances. Such construals necessarily involve a determination of the intent of the local legislative body, a factual matter that this office is not well situated to consider and address. Such construals also require a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the local legislative body that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. The construal of any local ordinance therefore must ultimately be handled locally, or through a medium that can consider local factual matters, such as a court.
My predecessors and I have issued opinions, however, discussing local ordinances to the extent necessary to determine the application of state law (see Op.Att'y Gen. 2003-260), or where the discussion did not raise questions of intent under a local ordinance. See Op. Att'y. Gen.2001-158. Unfortunately, however, the questions you pose do not involve any construction of state law and their resolution would depend entirely on construction of the local ordinance.
Although it has been held by the Arkansas Supreme Court that it is within the general powers of a county to pass a local ordinance governing nepotism (see Henderson v. Russell, 267 Ark. 140, 589 S.W.2d 565 (1979), state law does not specifically address the parameters of this authority. The questions you pose will turn entirely upon the intent and meaning of the local ordinance. Issues may arise as to the intention and construction of portions of the ordinance. Typographical and syntax errors giving rise to ambiguities (at least in the copy provided to me), may compound the necessity for inquiring into the legislative intention behind the ordinance. For example, Article II of the ordinance provides in pertinent part:
 That this Ordinance [sic] shall not employ and shall not directly supervise any member of their immediate family including, but not limited to; their spouse, child, parents, or other persons standing in the first degree of relationship.
The issues you pose will involve a construction of the local ordinance. As a consequence, I am unable to address the questions you pose.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh